**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA**

    Plaintiff,

v.
                                    **CRIMINAL ACTION NO. 3:13-CR-11-2
                                    (JUDGE GROH)**

**CHERA LADENE SCHLEY-COLE,**

    Defendant.

## ORDER GRANTING UNITED STATES' MOTION FOR JUDICIAL NOTICE

On November 6, 2013, the United States filed a Motion for Judicial Notice requesting that this court take judicial notice of two of its records: (1) Count 3 of the Indictment in this case [Doc. 1] and (2) Change of Plea Order [Doc. 46]. The United States plans to use these documents to prove that the co-defendant, Arthur Walker, had a prior felony conviction rendering him a prohibited person within the meaning of 18 U.S.C. § 922.

On November 14, 2013 at the Pretrial Conference, the Court listened to the United States's argument on this motion. Defendant did not object to the motion. However, the Court had reservations in taking judicial notice of the plea agreement based upon the grounds which the United States offered in support. The Court reserved ruling on the motion and instructed the parties that an order would be entered on the motion prior to trial.

In the instant motion the United States seeks the Court to take judicial notice of the

1

co-defendant's guilty plea and the indictment against him, not for the mere fact of the conviction itself since the 2013 conviction itself is not relevant to proving Walker a prohibited person at the time of the acts alleged in the instant indictment. Rather, the United States seeks judicial notice implicitly to admit the hearsay contained within the plea: the co-defendant's admission of prior felony convictions from another jurisdiction which establish that the co-defendant was a prohibited person at the time of the events alleged in the instant indictment. Typically, such prior convictions would be proven by offering certified copies of the orders of conviction from the jurisdiction of conviction under Federal Rule of Evidence 902. The United States chose not to employ such a course of action.

Pursuant to Federal Rule of Evidence 201(b)(2), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The "most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5106 at 505 (1977). Indeed, "it seems clear that a court may take judicial notice of its own records concerning the same subject matter and substantially the same parties under Rule 201(b)(2)" and "may take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue." Franklin D. Cleckley, Handbook on Evidence for West Virginia Lawyers, § 201.03[3][e], Vol. 1 (5th ed.); see also Ins. Co. of N. Am. v. Nat'l Steel Serv., 391 F. Supp. 512, 518 (N.D.W. Va. 1975) (taking judicial notice of facts, which were part of court's public records in closely related litigation, that judicially determined that an employer was "neither a self-insurer nor a member in good

standing on the West Virginia workmen's fund").

This circuit routinely takes judicial notice of docket records, indictments, plea agreements, and judgments. See United States v. Kane, 434 F. App'x 175, 176 (4th Cir. 2011) (taking judicial notice of the indictment charging the defendant with burglaries); Lolavar v. de Santibanes, 430 F.3d 221, 224 n.2 (4th Cir. 2005) (taking judicial notice of court records); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (taking judicial notice in a subsequent civil case of defendants' guilty pleas in the related criminal prosecution for arson); Serian v. Penguin Group (USA), Inc., Civil Action No. 1:08cv74, 2009 WL 2225412, *5 (N.D.W. Va. July 23, 2009) (taking judicial notice of two additional lawsuits involving plaintiff and his prior federal felony convictions); United States v. Deas, Cr. No. 8:05-524-HMH, 2009 WL 799653, *2 (D.S.C. Mar. 23, 2009) (finding "[c]ourt records of prior convictions are not subject to reasonable dispute" and taking judicial notice of defendant's prior marijuana conviction).

However, courts are hesitant to judicially notice a court document for a party to use it for the purpose of the truth of its contents, especially when it does not satisfy an exception to the hearsay rules. See Sher v. Luxury Mortg. Corp., Civil Action No. ELH-11-3656, 2012 WL 5869303, * 7 (D. Md. Nov. 19, 2012) (quoting Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) (stating "courts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted . . . , but rather to establish the fact of such litigation and related filings"); Marsh v. San Diego Cnty., 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006) (stating "[a] court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein"). In Scholes v. Lehmann, the Seventh Circuit Court of Appeals took

3

judicial notice of Defendant's plea agreement under Federal Rule of Evidence 201 because it was also admissible under Federal Rule of Evidence 803(22) as a judgment of previous conviction. 56 F.3d 750, 762 (7th Cir. 1995). However, in this instance, the United States seeks to introduce evidence of the co-defendant's guilty plea, against this Defendant. Federal Rule of Evidence 803(22) does not support admission of the plea and indictment document because they are not to be used "against the defendant" but rather against his co-defendant. See Fed. R. Evid. 803(22)(D) ("Evidence of a final judgment of conviction if: (D) when offered by the prosecutor in a criminal case for a purpose other than impeachment, the judgment was against the defendant.")

While the United States did not cite to a specific Rule of Evidence to support the admission of "hearsay within hearsay," which the co-defendant's plea and indictment represent, the United States did stumble upon facts sufficient to constitute an independent basis for the admission of the co-defendant's plea and indictment. The United States stated the co-defendant recently refused to testify about his guilty plea, which creates a situation in which the contents of the documents become admissions against interest by an unavailable witness admissible under Federal Rule of Evidence 804(b)(3)(A)("[A] reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability."). It is indisputable the admission of prior felony convictions as part of a felony plea before the Court were against the co-defendant's penal interest.

Accordingly, since Defendant did not object and since upon further analysis the

4

United States did offer a sufficient basis in support of its motion, the United States's Motion for Judicial Notice is **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** November 18, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE